UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

HENRY LOUIS ROBINSON,

Plaintiff,

-against-

NAVY FEDERAL CREDIT UNION; NEW JERSEY AUTO RECOVERY SERVICES; and COMMERCIAL SERVICE CORPORATION,

Defendants.

------------------------------------x

**MEMORANDUM & ORDER**
25-CV-5966 (EK)(SDE)

ERIC KOMITEE, United States District Judge:

Plaintiff Henry Louis Robinson brings this action to contest the recent repossession of his car. His request to proceed *in forma pauperis* is granted for the sole purpose of this Order.[1] His complaint, filed *pro se*, must be dismissed. The pending motion for prejudgment writ of possession is terminated as moot.

## I. Background

The following allegations are drawn from the complaint and presumed to be true for the purposes of this Order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[2]

---

[1] In his long form motion to proceed *in forma pauperis*, Plaintiff indicates that he recently had a monthly income of $20,000. ECF No. 2, at 1. However, construed against the remainder of his financial attestations, this is doubtful. If Plaintiff files an amended complaint, he is directed to either pay the filing fee or provide more information in a letter to the Court.

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

The complaint contains minimal factual content. Plaintiff's car, a 2023 Chrysler 300, was repossessed "in this district" on October 9, 2025. Compl. 6, ECF No. 1. Defendants Commercial Service Corporation and New Jersey Auto Recovery Services repossessed the car "without lawful notice or right to cure and without judicial authorization" on behalf of Navy Federal Credit Union, also a defendant. *Id.* at 6-7. Plaintiff has filed numerous complaints with the Consumer Financial Protection Bureau concerning the car loan and repossession, at least one of which is remains pending. *Id.* at 6-7. He also alleges that "[t]he recovery agent failed to present identification or proof of authority, acted aggressively, and instructed Plaintiff to hand over the keys under threat." *Id.* at 6. There are no other facts in the complaint.

The balance of the complaint largely recites the provisions of various federal and New York laws that defendants have allegedly violated: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692; the Consumer Financial Protection Act, 12 U.S.C. 5531; N.Y.G.B.L. § 349; and N.Y. U.C.C. § 9-609. *Id.* at 5-6, 8. Plaintiff seeks the return of the car, the "deletion of any negative credit reporting," and money damages. *Id.* at 9.

## II. Standard of Review

Under 28 U.S. C. §1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At this stage, "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). In doing so, the court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the court will read a *pro se* complaint liberally and interpret it as raising the strongest claims it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

"A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

### A. FDCPA Claim

The complaint asserts an FDCPA violation. To state an FDCPA claim, a plaintiff must plausibly allege that (1) he is a "consumer"; (2) the defendant is a "debt collector"; and (3) the defendant engaged in conduct that violates the statute. *Katz v. Sharinn & Lipshie, P.C.*, No. 12-CV-2440, 2013 WL 4883474, at *1 (E.D.N.Y. Sep. 11, 2013). Among the conduct the FDCPA prohibits is the repossession of collateral without judicial process when the repossessor lacks a present right to possession under state law. *See* 15 U.S.C. § 1692f(6).

The New York Uniform Commercial Code dictates that a debt collector has a present right to a vehicle via an enforceable security interest. *Gerbasi v. NU Era Towing & Serv., Inc.*, 443 F. Supp. 3d 411, 413 (W.D.N.Y. 2020). It provides that a debt collector "may take possession of the collateral . . . without judicial process, if it proceeds

without breach of the peace." N.Y. U.C.C. § 9-609. A breach of the peace occurs if the repossession agent's conduct is "likely to produce violence" or, "by causing consternation and alarm, disturbs the peace and quiet of the community." *Garcia v. Dezba Asset Recovery, Inc.*, 665 F. Supp. 3d 390, 406 (S.D.N.Y. 2023).

Here, the complaint offers no allegations about the repossession other than its date and the conclusory assertion that defendants did not provide "lawful notice or right to cure to repossess his vehicle." Compl. 6. Plaintiff does not allege that the defendant(s) are debt collector(s) covered by the FDCPA.[3] Nor does the complaint plead sufficient plausible facts to suggest that the repossession of the car amounts to a breach of the peace. Courts consistently hold that a vehicle repossession does not breach the peace merely because the debtor objected to the tow. *See, e.g.*, *Labadie v. NU Era Towing & Serv., Inc.*, No. 22-2064-CV, 2023 WL 8708421, at *2 (2d Cir. Dec. 18, 2023); *Rumain v. Gregoris Motors, Inc.*, No. 17-CV-7251, 2024 WL 4250251, at *11 (E.D.N.Y. June 21, 2024). Plaintiff's FDCPA claim is dismissed.

[3] Repossession agents are debt collectors for purposes of Section 1692f(6), *see Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 468–69 (2019), but Robinson does not allege which defendant, if any, employed the agent who repossessed his car. At most, the complaint plausibly alleges that one defendant is a "debt collector," but it does not say which.

**B. Rule 8**

More generally, the complaint fails to meet Rule 8's minimal pleading requirements. Plaintiff has not provided a "short and plain" statement of his claims against the defendants, so that the defendants have a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).

Rather, plaintiff's complaint consists largely of legal conclusions. Since the complaint does not include factual content in support of his claims and the Court cannot assume the truth of his legal conclusions, *Iqbal*, 556 U.S. at 678, the complaint does not state a plausible claim for relief. It is hereby dismissed without prejudice. Fed. R. Civ. P. 8.

## IV. Conclusion

If Robinson wishes to file an amended complaint that rectifies the deficiencies identified in this Order, he must do so within twenty-eight days. He is advised that any amended complaint will completely replace the operative complaint, that it must be captioned "Second Amended Complaint," and that it must bear the same docket number as this order: 25-CV-5966 (EK)(SDE). The pending motion for prejudgment writ of possession is terminated as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Robinson and to note the mailing on the docket.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 30, 2026
Brooklyn, New York